IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

FRANK PIERRE,                         :

    Petitioner,                    :

v.                                    :
                                CIVIL ACTION 06-0757-CG-M

ALBERTO GONZALES,                     :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,[1]           :

    Respondents.                   :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Frank Pierre, a citizen and native of Haiti, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[2]  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed as premature.

In his petition, Pierre states that he entered this country

---

[1] Robert Gaines is no longer the Warden of the Perry County Correctional Center.  Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as Warden of that facility, is substituted for Gaines as a proper Respondent in this action.

[2] Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

in 1967, as a four-year-old, under his father's citizenship (Doc. 1, p. 4).  Petitioner asserts that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on August 5, 2006, and has been in custody ever since (Doc. 1, p. 3).  Petitioner filed this action on November 3, 2006 (Doc. 1).  He maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 4-5).  Pierre seeks release from custody (*id.*).

Respondents have provided information which demonstrates that Pierre entered this country on October 21, 1967 as a lawful permanent citizen(*see* Doc. 11, Exhibit A, p. 2).  Further evidence demonstrates that Petitioner was convicted of third-degree criminal possession of a weapon on November 20, 1997 and fourth-degree grand larceny on February 1, 2000, both in the State of New York (*see id.*); for these convictions, Pierre was sentenced to time served and five years probation for the possession and one and one-half to three years in prison for the larceny (*see id.* at p. 3).  On January 20, 2004, an Immigration Judge found that Petitioner was a removable alien under the Immigration and Nationality Act and ordered that he be deported to Haiti (*see id.*).  Petitioner's appeal to the Board of Immigration Appeal (hereinafter *BIA*) was denied on June 15, 2004 (Doc. 11, Exhibit D); a week later, a warrant of removal/ deportation was issued for Pierre (Doc. 11, Exhibit E).

On July 15, 2004 Pierre sought review of the BIA decision in

the U.S. District Court for the Western District of New York (*see* Doc. 11, Exhibit F); the action was stayed (Doc. 11, Exhibit G). Subsequently, Pierre's action was transferred to the Court of Appeals for the Second Circuit with the stay of removal still in place (Doc. 11, Exhibit H). The appellate court had oral argument on November 27, 2006, but had not issued a ruling as of February 7, 2007 (*see* Doc. 11, Exhibit I).

Respondents have filed an Answer, stating that this action is premature as Petitioner's request for review in the Second Circuit Court of Appeals is still pending before that Court (Doc. 11). Respondents further assert that no final order of removal has been entered, so this action should be dismissed (*id.*). The Court notes that Petitioner has filed no Reply to these arguments.

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[3] the *Zadvydas* Court held that

---

[3] The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

> (a) Detention, release, and removal of aliens ordered removed
>     (1) Removal period
>         (A) In general
>             Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>         (B) Beginning of period

3

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention."  *Zadvydas*, 533 U.S. at 689.  The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the

---

> The removal period begins on the latest of the following:
>     (i) The date the order of removal becomes administratively final.
>     (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>     (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
> (C) Suspension of period
>     The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C.A. § 1231.

Petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

The evidence of record shows that the Order of Removal became administratively final on June 15, 2004 when the BIA denied Petitioner's appeal (Doc. 11, Exhibit D). So the six-month detention clock did not begin running until the next day. On July 19, 2004, a Stay was entered pursuant to Pierre's filing an action in the U.S. District Court for the Western District of New York (Doc. 11, Exhibit G). Barely more than a month had passed since Petitioner's Removal Order had become final when the Stay was entered. Nothing in our records indicates that the Stay has been lifted (*see* Doc. 11, Exhibit I). On this ground alone, the Court finds that Pierre has not shown that he has been detained for a period of six months prior to the filing of this action as required in *Akinwale*. This action is premature.[4]

Therefore, it is recommended that this action be dismissed as premature and that judgment be entered in favor of Respondents

---

[4] Even though there have been no pleadings filed in this action since Respondent's Answer of February 9, 2007, this action was filed prematurely. This is so in spite of what might have happened in the Second Circuit Court of Appeals in the intervening period of time.

Alberto Gonzales, Michael Chertoff, and David O. Streiff and against Petitioner Frank Pierre.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**.

6

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 9th day of August, 2007.

                                   s/BERT W. MILLING, JR.
                                   UNITED STATES MAGISTRATE JUDGE